IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-77,788-01






EX PARTE OSCAR GONZALES, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B-07-2024-0-CR-B IN THE 156TH DISTRICT COURT


FROM BEE COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated sexual assault of a child and two counts of indecency with a child. He was sentenced to
concurrent prison terms of seventy-five years for each aggravated sexual assault, fifteen years for one
indecency with a child, and ten years for the other indecency with a child. The Thirteenth Court of
Appeals affirmed the convictions in an unpublished opinion. Gonzales v. State, No. 13-08-00410-CR
(Tex. App. - Corpus Christi del. Jun. 24, 2010).


 Applicant raises several claims through habeas counsel, including claims of ineffective
assistance of trial and appellate counsel. There is no response from either counsel in the record
provided to this Court, and there are no findings from the trial court. Applicant has alleged facts that,
if true, might entitle him to relief. Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Strickland v.
Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791, 795-96 (Tex. Crim. App. 2000).

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court shall order trial and appellate counsel to respond to Applicant's claims of ineffective
assistance. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 It appears Applicant is represented by habeas counsel. If the trial court elects to hold a
hearing, it shall determine whether habeas counsel continues to represent Applicant. If Applicant is
not represented by habeas counsel, the trial court shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial and appellate counsel was deficient and, if so, whether the deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.


Filed: June 27, 2012

Do not publish